United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1504SI

Susan Sippel,                          *
                                       *
            Appellant,                 *
                                       *   On Appeal from the United
      v.                               *   States District Court
                                       *   for the Southern District
                                       *   of Iowa.
Reliance Standard Life                 *
Insurance Company,                     *
                                       *
            Appellee.                  *

_____

Submitted:  October 20, 1997
    Filed:  November 13, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

This is an action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), for denial of benefits claimed to be owed under policies insuring against accidental death.  The plaintiff, Susan E. Sippel, is the surviving spouse of Larry Sippel, who had been a long-time employee of IBP, Inc. During his employment, Mr. Sippel was insured through two separate $100,000 accidental-death policies purchased by IBP from the defendant, Reliance Standard Insurance Company.  Mr. Sippel left his employment with IBP and was killed in an

automobile accident shortly thereafter. The District Court[1] held that under the plain and unambiguous language of the policies, Mr. Sippel had no coverage at the time of his death. We affirm.

We summarize our reasons in brief compass. Mr. Sippel left IBP on February 25, 1993. He was killed on March 18, 1993, less than 31 days later. The question of coverage turns on the language of the policies, which grant to insured persons a privilege of conversion from group coverage to individual coverage under certain circumstances. A covered person's eligibility ceases when his employment ceases, but he has a right to convert his coverage to an individual policy. Conversion requires, however, that the covered person "apply for it within 31 days after his coverage ends." The policies provide further as follows, in language critical to the instant case:

> The converted policy will:
>
> > (a)  take effect on the date of termination of this insurance, or on the date of application for the converted policy, whichever is later; . . ..

Under this language, Mr. Sippel's coverage terminated when he left IBP, on February 25, 1993. He had 31 days, that is, until March 28, 1993, to apply for conversion. He never made such an application. Perhaps he intended to do so within the 31 days, and was prevented by his unexpected and untimely death, but the fact remains that no application for conversion was ever made. Accordingly, individual coverage never took effect, and the claim for benefits must fail. If Mr. Sippel had applied for conversion, it would have been granted, according to the plain language of

---

[1]The Hon. Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

the policy, and no additional evidence of insurability would have had to be furnished. The circumstances are unfortunate, but the language of the policies is clear.

Plaintiff also argues that the defendant is estopped to deny that an effective conversion took place. She states that a premium payment of $5.80 was made by way of a payroll deduction from Mr. Sippel's final paycheck. We assume that this payment represented the premium for the first month of what would have been converted individual coverage. This $5.80 was then, in combination with premiums deducted from the paychecks of other employees, forwarded by IBP to Reliance. In some circumstances receipt of a premium can work an estoppel against an insurance company, but we do not believe, at least in an ERISA case, that this can occur when the language of the policy is as clear as it is here. We therefore reject the estoppel argument.

Further details are contained in the well-reasoned opinion of the District Court. We do not believe the case requires further elaboration from us.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.